IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR548 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| GACOBIE VASSER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 48). The government has adopted the PSR. (Filing No. 49.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a specific sentence of 60 months imprisonment. The agreement specifically states that "[t]his agreement is intended by both parties to eliminate all possible issues concerning the amount of narcotics for which the Defendant should be held accountable, his criminal history, his role in the offense, and any other issues which might arise under the United States Sentencing Guidelines." (Filing No. 37, ¶ 6.)

The PSR places the Defendant in a sentencing guideline range of 57-71 months, based on a total offense level of 23 and placement in criminal history category III. The Defendant objects to portions of the PSR relating to drug quantity and criminal history.

Those issues are moot pursuant to the Rule 11(c)(1)(C) plea agreement,[1] and therefore these objections to ¶¶ 21 and 28 (drug quantity) and ¶¶ 44, 46, 48, 49, 50, 51, 52, 53, 54 and 55 (criminal history) are denied as moot.

The Defendant also objects to ¶ 61, relating to alleged gang affiliation. The paragraph attributes the allegation to the Omaha police department. This statement is then followed by the Defendant's statement that although he is not a gang member, he associates with gang members. The Court concludes that ¶ 61 presents both sides, and the Court is not at liberty to change a statement attributed to the Omaha police department. The information is important to the Bureau of Prisons. The objection is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 48) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

---

[1] The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should be upheld.

      4.      Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

      5.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 9th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge